No. 54,851

JAMES M. BREWSTER, *et al.*, *Appellees*, v. THE CITY OF OVERLAND PARK, KANSAS, *Appellant*.

No. 55,031

CITY OF PITTSBURG, *Appellant*, v. CARL PINGRY, *Appellee*.

(661 P.2d 1240)

Case No. 54,851

Opinion filed April 29, 1983.

*Gregory A. Dean,* of Overland Park, argued the cause, and *James M. Brewster, William R. Coffee* and *Steven J. Wells,* of Overland Park, were with him on the brief for appellees.

*Neil R. Shortlidge,* first assistant city attorney, argued the cause and was on the brief for appellant.

*Christopher K. McKenzie, Frank A. Bien* and *James M. Kaup,* of Topeka, were on the brief *amicus curiae* for League of Kansas Municipalities.

Case No. 55,031

Opinion filed April 29, 1983.

*C. A. Menghini,* of Menghini & Menghini, of Pittsburg, argued the cause and was on the brief for appellant.

*Carl Pingry,* of Pittsburg, was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: The determinative issue in each of these consolidated appeals is whether a city may, under authority of the Home Rule Amendment to the Kansas Constitution (Kan. Const. art. 12, § 5) opt out from under K.S.A. 19-1310 which exempts attorneys registered for county law library purposes from payment of any occupation tax or city license fee.

The City of Overland Park (appeal no. 54,851) and the City of Pittsburg (appeal no. 55,031) each duly passed a charter ordinance exempting itself from K.S.A. 19-1310 and thereafter enacted an ordinance levying an occupation tax, or license fee, on attorneys practicing law within the respective cities (Overland

Park City Code 5.04 and Pittsburg City Code 11-102). Both Johnson and Crawford counties have county law libraries and practicing attorneys residing therein are required to be registered in connection therewith. The named party attorneys are registered for county law library purposes.

In the Overland Park case plaintiff James M. Brewster, and other affected attorneys, brought a civil action to enjoin the municipality from enforcing its ordinance against attorneys. In the Pittsburg case defendant-attorney, Carl Pingry, was criminally prosecuted for violation of the licensing ordinance. In both cases the attorneys prevailed with the respective district courts concluding cities could not, in the exercise of Home Rule powers, exempt themselves from K.S.A. 19-1310. Overland Park and Pittsburg appeal from said judgments.

Kansas county law library legislation has aptly been described by writers in the field as a "hodgepodge" needing replacement by a general county law library act. Putnam, *County Law Libraries in Kansas,* 22 J.B.A.K. 112, 119 (1953), Root, *The County Library Law,* 36 J.K.B.A. 177 (1967). In 1919 K.S.A. 19-1308, -1309 and -1310 were originally enacted authorizing the creation of the Wyandotte County law library. Through twelve amendments, between 1920 and 1974, county classifications were expanded to include more counties. Between 1939 and 1967 the Crawford County law library operated under legislation applicable to it alone (K.S.A. 19-1311 through -1313, repealed in 1967). Putnam, 22 J.B.A.K. 112; Root, 36 J.K.B.A. 177. In 1957 K.S.A. 19-1314 through -1318 were enacted, further expanding the list of eligible counties. Finally, in 1967 any county was authorized to have a county law library through enactment of K.S.A. 19-1319 through -1325. Although differing slightly, the various statutes have a common format of establishing a county law library by a majority vote of practicing attorneys residing in the county in which the library is to be maintained by a registration fee imposed on the attorneys in the county plus a docket fee on the court cases filed in the county.

K.S.A. 19-1310 provides:

"All attorneys registered under this act shall not be liable to pay any occupation tax or city license fees levied under the laws of this state by any municipality."

The battle was fought at the district court level and in the

briefs before us on the basis of whether K.S.A. 19-1310 applies *uniformly* to all cities. The pertinent portion of the Home Rule Amendment (Kan. Const. art. 12, § 5) is as follows:

"Cities shall exercise such determination by ordinance passed by the governing body with referendums only in such cases as prescribed by the legislature, subject only to enactments of the legislature of statewide concern *applicable uniformly to all cities,* to other enactments of the legislature *applicable uniformly to all cities,* to enactments of the legislature *applicable uniformly to all cities of the same class* limiting or prohibiting the levying of any tax, excise, fee, charge or other exaction and to enactments of the legislature prescribing limits of indebtedness." (Emphasis supplied.)

The district courts herein held K.S.A. 19-1310 was uniformly applicable to all cities and hence cities could not exempt themselves from its application. We agree with the ultimate result reached by the district courts herein but believe the issue should be determined on a different rationale.

County law libraries are authorized to be created upon a vote of the majority of the attorneys practicing or residing in the particular county. If a county law library is so created, all practicing attorneys in the county must register and pay an annual registration fee. There is a variation in the county law library statutes as to whether just residing in the county mandates registration or whether a nonresident attorney who maintains an office in the county is subject thereto, but these differences are of no significance to the issue herein.

The county law library statutes are located in Article 13 of Chapter 19 which concerns the functions of the clerk of the district court. The clerk has charge of the election, registration, and fees paid by attorneys as well as deducting the appropriate docket fees for the library's maintenance. Management of the library is vested in the district judges and representatives of the bar. The county law library is only peripherally a governmental function, although the county commission is required to provide space therefor or pay a sum in lieu thereof. See K.S.A. 19-1321 for this exception.

K.S.A. 19-1310 *grants an exemption* from any occupation tax or city license fee *to attorneys registered for county law library purposes.* K.S.A. 19-1310 does not forbid a county or city from imposing such a tax or fee, but merely grants an exemption therefrom to a class of individuals. Under such circumstances we conclude K.S.A. 19-1310 does not meet the threshold require-

ment of the Home Rule Amendment that an enactment from which a city wishes to exempt itself from be *applicable* to cities. Accordingly, the ·question of whether K.S.A. 19-1310 is *uniformly applicable* to cities is not reached.

The judgment in civil appeal no. 54,851 is affirmed. Criminal appeal no. 55,031 is dismissed.